**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re:<br><br>CARDELL, INC.<br><br>Debtor. | : : : : : : : : : : : : | Civil Action No. 08-5190 (JAG)<br><br>**OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on an appeal filed by Frank Greek Company ("FGC"), seeking review of the Order Permitting Debtor to Sell Monroe Real Property Pursuant to 11 U.S.C. § 363(b) and (f) ("Sale Order"), of Judge Rosemary Gambardella of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), in Case No. 02-39787, signed August 20, 2008, and entered on to the docket on August 22, 2008. For the reasons set forth below, the Bankruptcy Court's order will be affirmed.

**I. FACTUAL HISTORY**

On February 5, 2008, the Appellee/Debtor, Cardell, Inc. ("Cardell" or "Debtor") filed a Notice of Motion to permit the sale of real property (the "Sale Motion") consisting of 85 acres of land located on Spotswood-Englishtown Road, Monroe Township, New Jersey (the "Monroe Property"). (Appellant's Designation of Record on Appeal (hereinafter "ROA"), No. 1.) A

hearing on the Motion was conducted on May 15, 2008, at which testimony was taken. (ROA No. 14.) The hearing was continued in order to allow the parties to file supplemental submissions, which both FGC and Debtor subsequently filed. (ROA Nos. 10-15.) The Court also permitted further testimony and submission of evidence at a continued hearing on June 5, 2008. (ROA Nos. 16-21.) The Court reserved decision and, at the request of FGC, permitted the parties to file post-hearing submissions. Id.

On June 26, 2008, the Bankruptcy Court rendered its oral opinion authorizing the sale of the Monroe Property, expressly conditioned upon the entry of a separate Order granting adequate protection to secured creditors in connection with that sale. (ROA No. 25 at p. 61-69.) In furtherance of the Court's express condition, the principal of the Debtor, Carmine Dellapietro ("Dellapietro"), filed a certification and proposed Order pledging three parcels of non-debtor real estate (the "Delray Beach Property," the "Hopelawn Property," and the "Sayreville Property") (collectively, the "Three Non-Debtor Properties"), as additional collateral to provide the secured creditors with adequate protection.[1] (ROA No. 22.) The Court considered arguments of counsel regarding the form of Order at a hearing on July 8, 2008, and then adjourned the hearing to allow the parties to negotiate an agreed upon form of proposed Orders. Id.

---

[1]According to the Bankruptcy Court, Dellapietro testified that, based on information from his professionals, the Monroe Property could generate a purchase price of $7.5 million, enough, in his view, to "fully pay all secured and unsecured claims" of FGC. (ROA No. 25, at 27:21-23.) Dellapietro testified that he also owns property in Sayreville, New Jersey, valued at $2 million, property in the Hopelawn section of Woodbridge, New Jersey, valued at $3 million, and property in Florida valued at $750,000. (Id., at 30:8-13.) He further contended that, in his view, the total proceeds from the sale of all four properties, a projected value of $13.25 million, would be sufficient to pay all debts to unsecured creditors. (Id., at 30:18-20.)
   FGC contends that it has an outstanding mortgage on both the Sayreville Property and the Hopelawn Property. (Appellant's Moving Brief, at p. 12.) FGC further asserts that the Delray Beach Property is encumbered by a mortage and IRS liens. (Id.)

On August 20, 2008, the Bankruptcy Court entered two forms of Order: (1) Order Permitting Debtor to Sell Monroe Real Property Pursuant to 11 U.S.C. §§ 363(b) and (f) ("Sale Order")[2]; and (2) Order Granting Adequate Protection to Secured Creditors in Connection With Sale of Debtor's Monroe Real Property ("Adequate Protection Order").  (ROA No. 24; see Appellee's Counter-Designation Record on Appeal (hereinafter "CROA"), No. 433.)  The Adequate Protection Order memorialized Dellapietro's pledge of the net proceeds of the sales of the Delray Beach Property, the Hopelawn Property, and the Sayreville Property, and set forth specific instructions for the disposition of those properties.  (CROA No. 433.)

FGC filed a Notice of Appeal and an Amended Notice of Appeal of the Sale Order on September 2, 2008.  (CROA Nos. 438 and 439.)  FGC contends that the relief upon which the Sale Motion approval was conditioned does not qualify as adequate protection under 11 U.S.C. §§ 361(1)-(3).  The thrust of FGC's argument is that the pledge of proceeds of the sales of the Three Non-Debtor Properties is insufficient to be deemed adequate protection, when compared to $5 million[3] in liens FGC stands to lose after the first installment sale closes.  (Appellant's Moving Brief, p. 20.)

## II.  JURISDICTION

This Court has jurisdiction to hear this case, pursuant to 28 U.S.C. § 158(a), which states,

---

[2] The Sale Order provides that the purchase of the Monroe Property will take place in installments, with the first purchase being between seventy and one hundred lots of the total possible lots.  (ROA 24.)  This first closing, FGC contends, strips the entire property of FGC liens, but only will result in $1.75 million to $2.5 million in proceeds.  (Appellant's Moving Brief, p. 20.)

[3] The $5 million figure is calculated by subtracting the highest possible value of the net proceeds ($2.5 million) available after the first installment sale, from the total amount of the FGC lien on the Monroe Property ($7.5 million).

in pertinent part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." The order of the bankruptcy judge in the instant case is final, and therefore reviewable, pursuant to 28 U.S.C. § 158(a)(1). "Pursuant to FED. R. BANKR. P. 8013, a federal district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Ryker v. Current, 338 B.R. 642, 646 (D.N.J. 2006).

In bankruptcy appeals, district courts, pursuant to FED. R. BANKR. P. 8013, should uphold findings of fact unless they are clearly erroneous. FED. R. BANKR. P. 8013; Resyn Corp. v. United States, 851 F.2d 660, 664 (3d Cir. 1988). A finding of fact is clearly erroneous when, although there is evidence to support it, in consideration of the entire record, the reviewing court is left with the definite and firm conclusion that a mistake has been committed. United States v. Gypsum Co., 333 U.S. 364, 395 (1948). By contrast, in reviewing orders of the bankruptcy court, this Court reviews questions of law de novo. See In re Continental Airlines, Inc., 203 F.3d 203, 208 (3d Cir. 2000) (citing Manus Corp. v. NRG Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999)).

In the instant case, Appellant is seeking review of legal conclusions made by the bankruptcy judge. Thus, review by this Court is de novo.

### III.  DISCUSSION

"Adequate protection, as derived from the fifth amendment protection of property interests, reconciles the competing interests of the debtor, on the one hand, who needs time to reorganize free from harassing creditors, and the secured creditor, on the other hand, who is

4

entitled to constitutional protection for his bargained for property interest.  The intent of adequate protection is not confined to constitutional protection, but also encompasses the policy grounds of not depriving secured creditors of the benefit of their bargain.  By providing the creditor with a means of protection for the creditor's interest, the debtor is allowed to continue his reorganization free from the harshness of a relief from stay."  In re Jug End in Berkshires, Inc., 46 B.R. 892, 899 (Bankr. D. Mass. 1985) (internal citations omitted).

For purposes of 11 U.S.C. § 361, adequate protection, as derived from Fifth Amendment protection of property interests, reconciles the competing interests of the debtor and the secured creditor, who is entitled to constitutional protection for bargained-for property interests.  Id.  "The Bankruptcy Court is a court of equity and, as such, must apply this underlying policy consideration whenever construing the Act. . . . Moreover, the legislature expressly intended to give the courts great flexibility in formulating methods of protection appropriate to the circumstances of each case."  In re Crockett, 3 B.R. 365, 368 (Bankr. N.D. Ill. 1980).

"A debtor has the burden to establish that the holder of the lien to be subordinated has adequate protection."  In re Swedeland Dev. Group, 16 F.3d 552, 564 (3d Cir. 1994).

> The Code does not expressly define adequate protection, but section 361 states that it may be provided by (1) periodic cash payments; (2) additional or replacement liens; or (3) other relief resulting in the 'indubitable equivalent' of the secured creditor's interest in such property.  11 U.S.C. § 361.  The last possibility is regarded as a catch all, allowing courts discretion in fashioning the protection provided to a secured party.  Therefore, a determination of whether there is adequate protection is made on a case by case basis.

Id. (citing  In re O'Connor, 808 F.2d 1393, 1397 (10th Cir. 1987).

"It is true, as often observed, that § 361 does not purport to contain an exhaustive list of

the specific ways for a debtor to provide adequate protection."[4] In re Lane, 108 B.R. 6, 8 (Bankr. D. Mass. 1989). A debtor need not prove all three elements provided for by Code Section 361. Rather, a plain reading of the statute provides that adequate protection is satisfied upon a showing of cash payments, additional or replacement liens, or any other relief resulting in the indubitable equivalent of the secured creditor's interest.

In the instant action, FGC contends that the relief upon which the Sale Motion approval was conditioned does not qualify as adequate protection under 11 U.S.C. §§ 361(1)-(3). FGC argues that § 361(1) requires a cash payment or periodic cash payments, and that "the requirement that Dellapietro enter into a schedule for disposition of non-debtor property already subject to FGC liens" does not satisfy that requirement. (Appellant's Moving Brief, p. 19.) FGC also asserts that § 361(2) was not satisfied, because no provision of the conditions imposed by the Bankruptcy Court comprises an additional or replacement lien. (Id.) FGC finally contends that the Bankruptcy Court's conditions do not provide the "indubitable equivalent" of FGC's interests in the properties involved, pursuant to § 361(3). (Id. at 19-20.) FGC contends that because it already held liens on the non-debtor properties, and because the several properties

---

[4]FGC contends that the conditions placed upon the approval of Cardell's Sale Motion do not constitute adequate protection under Code Section 361. (Appellant's Moving Brief, p. 19.) In advancing this argument, FGC asserts that the adequate protection provided "must meet at least one of the statutory definitions of that term" under § 361. (Id. at 18-19.) FGC cites no case law to support this contention.

Indeed, the three means specified in § 361 through which a debtor is to provide adequate protection are neither exhaustive, nor exclusive. See In re Britton, 9 B.R. 245, 247 (Bankr. E.D. Pa. 1981) ("Section 361 sets forth three (3) non-exclusive examples of what may constitute 'adequate protection' if secured property is to be used by a debtor."); In re Lane, 108 B.R. 6, 8 (Bankr. D. Mass. 1989) ("It is true, as often observed, that § 361 does not purport to contain an exhaustive list of the specific ways for a debtor to provide adequate protection."). FGC presents neither argument nor evidence as to why this Court should not follow established law on this point.

involved are subject to IRS and other liens, the value of the newly created interests falls short of the original, bargained-for interest.  (Id.)

A.      **Adequate Protection Under 11 U.S.C. §§ 361(1) & (3)**

The Sale Order and the Adequate Protection Order provide sufficient adequate protection, under 11 U.S.C. § 361(1) and (3).[5]  Under the terms of the Adequate Protection Order, the net proceeds from the liquidation of the Three Non-Debtor Properties have been pledged as additional collateral to FGC and the debtor's creditors.  (CROA No. 433.)  The Adequate Protection Order sets forth a specific schedule to which Dellapietro must conform in selling and liquidating the properties, prior to the projected closing on the Monroe Property.  (Id.)  The proceeds of those sales will then be available for the payment of periodic cash payments to FGC and other secured creditors.  (Id.)  The Bankruptcy Court found, and this Court agrees, that such provisions constitute adequate protection, pursuant to 11 U.S.C. § 361(1).

Moreover, the Sale Order and the Adequate Protection Order provide sufficient adequate protection under 11 U.S.C. § 361(3).  The monies pledged to FGC upon the sale of the Three Non-Debtor Properties, specifically, the Delray Beach Property, on which FGC has no liens or outstanding entitlements constitute "substitute collateral" in satisfaction of the adequate protection requirements of 11 U.S.C. § 361(3).  Cf. In re Swedeland Dev. Group, 16 F.3d at 564-65 (finding insufficient adequate protection where the bankruptcy court's order required monies from a cash collateral account be turned over to a creditor, but where the creditor was already

---

[5]There is no evidence before this Court that FGC has been provided with any additional or replacement liens, pursuant to 11 U.S.C. § 361(2).  Nonetheless, the net proceeds from the sale of the Three Debtor Properties or the Monroe Property constitute sufficient adequate protection under 11 U.S.C. §§ 361(1) and (3).

entitled to those funds without the order).

## IV.  CONCLUSION

For the reasons stated above, FGC's appeal of the Bankruptcy Court's Order Permitting Debtor to Sell Monroe Real Property Pursuant to 11 U.S.C. § 363(b) and (f), is denied.  This Court affirms the decision of the Bankruptcy Court.


      S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: July 6, 2009